IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

MARCUS WATKINS,

    Defendant.

CRIMINAL ACTION FILE

NO. 1:06-cr-442-TCB

**O R D E R**

This case comes before the Court on Magistrate Judge Alan J. Baverman's report and recommendation (the "R&R") [228], which recommends denying Defendant Marcus Watkins's motion [86] to enforce the plea agreement, and Watkins's objections [233] thereto.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to

the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

2

matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

On July 27, 2007, Watkins pleaded guilty to use of a firearm in connection with a crime of violence. His plea agreement provided that if he cooperated with the Government and the Government determined that such cooperation qualified as substantial assistance pursuant to 18 U.S.C. § 3553(e) or Section 5K.1 of the sentencing guidelines, the Government could choose to file a motion at sentencing recommending a downward departure from the applicable guideline range.

The Government did not file a motion for a downward departure, and Watkins filed his motion to enforce the plea agreement. In his motion, he alleges that the Government refuses to file a motion for

3

downward departure out of bad faith, in retaliation for allegations he made about federal agents and prosecutors.

The Government opposes Watkins's motion for two reasons. First, it argues that Watkins's cooperation did not constitute substantial assistance. Second, it asserts that Watkins engaged in an information-selling scheme.[2] The R&R recommends denying Watkins's motion. Watkins objects to four of the R&R's findings; the Court will address each objection in turn.

First, "Watkins objects to the Magistrate Court's determination that the government's failure to file a motion to reduce his sentence was pretextual." [233] at 1. In the same paragraph, Watkins writes, "the Magistrate Court's determination that the government's reasons for refusing to file the 5K1.1 sentence reduction motion were pretextual is erroneous." *Id.* The R&R actually found that Watkins's argument were pretextual, *not* the Government's decision. To the extent Watkins meant to object to the R&R's finding that the Government's decision was not

---

[2] There is evidence that Watkins sold information to inmates that those inmates could then use to obtain sentence reductions. This information-selling scheme is known as a Rule-35-selling scheme.

4

pretextual, the Court addresses the objection with Watkins's fourth objection below. Regardless of the interpretation of Watkins's argument, his first objection is overruled.

Next, Watkins objects to the R&R's conclusion that he did not prove that the Government's failure to file a motion for downward departure was motivated by unconstitutional vindictiveness. In his motion to enforce the plea agreement, Watkins asserts that he alleged improprieties within the U.S. Attorney's Office and that the failure to file a motion for downward departure was retaliatory and resulted from an unconstitutional motive within the meaning of *Wade v. United States*, 504 U.S. 181 (1992).

Under *Wade*, federal district courts may review the Government's denial of a substantial-assistance motion and may impose a remedy if they find the refusal was based on an unconstitutional motive. Here, Watkins does not assert that the Government's refusal to file a substantial-assistance motion was related to race or religion or that the "refusal to move was not rationally related to any legitimate Government end." *Id.* at 185–86. Watkins makes only generalized

allegations of an improper motive, which are insufficient under *Wade*. *See United States v. Bagui-Solis*, 771 F. App'x 960, 964 (11th Cir. 2019).

Third, Watkins objects to the R&R's determination that his involvement in a Rule-35-selling scheme is the legal basis for denying a motion for downward departure. In particular, he asserts that the record shows that the Government was aware of his selling scheme but continued to deal with him. Regardless, the plea agreement clearly states that

> the determination as to whether [Watkins] has provided 'substantial assistance' rests solely with the Government. Good faith efforts by the defendant that do not substantially assist in the investigation of prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion.

[46-1] ¶ 6. That alone indicates that the Government's decision was lawful. Watkins's objection is overruled.

Moreover, the plea agreement states, "If the defendant fails to cooperate truthfully or completely, or if the defendant engages in additional criminal conduct or other conduct inconsistent with cooperation, he will not be entitled to any consideration whatsoever pursuant to this paragraph." *Id.* It is clear to the Court that engaging in

6

a Rule-35-selling scheme is "inconsistent with cooperation." Therefore, Watkins's third objection is overruled.

Finally, Watkins objects to the R&R's finding that the Government's refusal to file a sentence reduction was not pretextual. In particular, Watkins asserts that the Government's failure to file a motion to reduce based on his information-selling scheme is pretextual and not related to a legitimate government end. However, in another case, when the Government declined to move for a sentence reduction, the Eleventh Circuit held that "[b]ecause the government's decision was based on factors related to [the defendant's] reliability as a cooperating witness, the government's motion was rationally related to the government's undisputedly legitimate interest in promoting truthful testimony." *United States v. Bryant*, 738 F. App'x 652, 654 (11th Cir. 2018). Similarly here, the Government's decision not to move was rationally related to Watkins's blatant dishonesty.

Moreover, Watkins's cooperation did not lead to any convictions. Cooperation that does not lead to any convictions supports the Government's decision in this case. *See United States v. Burns*, 604 F.

App'x 831, 834 (holding that the Government's refusal to file a downward departure motion because of the defendant's poor history on supervised release, criminal record, and assistance leading to the arrests of only two minor players did not amount to gross abuse of discretion). Watkins's final objection is overruled.

Having conducted a complete and careful review of the R&R, including a de novo review of those portions of the R&R to which Watkins objects to, the Court overrules Watkins's objections [233] and adopts as its order the R&R [228].

IT IS SO ORDERED this 24th day of September, 2019.

_____
Timothy C. Batten, Sr.
United States District Judge